UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)

CASE NO.  07-60269-CR-MARRA/HOPKINS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CHRISTIAN CALECA and
JACQUES COGNARD,

      Defendants.

_____/

## DEFENDANT CHRISTIAN CALECA'S SENTENCING MEMORANDUM

This memorandum is submitted on behalf of Defendant Christian Caleca.  On November 21, 2007, Mr. Caleca entered a plea of guilty to a one count violation of Section One of the Sherman Act pursuant to a plea agreement with the United States after fully and completely cooperating with its investigation to date.  Mr. Caleca will be sentenced on December 20, 2007.  In light of his exemplary cooperation, the United States has filed a motion for a significant downward departure in his prospective sentence.  To assist the Court in evaluating this request, this memorandum sets forth (i) Mr. Caleca's personal and professional contributions to his community and family in France in order to provide the Court with a more complete picture of Mr. Caleca's values and personality; (ii) a description of Mr. Caleca's exemplary cooperation with the United States; and (iii) an analysis of Section 5K1.1 of the U.S. Sentencing Guidelines.

I.     **Mr. Caleca's Personal Background and Community Contributions Illuminate His Sincere and Caring Character.**

Without minimizing the gravity of Mr. Caleca's misconduct, we would like to bring to the Court's attention examples of his otherwise commendable life as a family man, business executive and community leader in France. The 12 letters attached to this memorandum at Exhibit 1[1] demonstrate that Mr. Caleca has touched the lives of many people with actions that make manifest his kind, generous and loyal character.

A.     **Mr. Caleca's Family**

The letters from his family members, including his wife and two daughters, indicate that Mr. Caleca is part of a loving and close family that has been cast adrift in wake of his detention in the United States. Although Mr. Caleca is a pillar of support in a large family, the unwavering focus of his life is his two daughters: Amandine (22) and Charlotte (14). Charlotte in particular has suffered from the absence of her father. During this long absence that she did not initially understand, Charlotte became increasingly distressed and rebellious—culminating in a recent shoplifting incident that has caused the family additional alarm and concern. Charlotte was further shaken by reading about her father's misconduct when Trelleborg Industrie S.A. ("Trelleborg") issued a press release announcing Mr. Caleca's plea agreement and the termination of his employment. Charlotte may need counseling to cope with the situation, but Mr. Caleca's medical insurance coverage ended when Trelleborg dismissed him and his former wife is unemployed on account of her own psychological problems.

---

[1] For the convenience of the Court, we have attached copies of the letters in support of Mr. Caleca to this memorandum. The original letters will be provided to the Court at the sentencing hearing on December 20, 2007.

**B.**   **Mr. Caleca's Community Activities**

The letters in support of Mr. Caleca make clear that he was a role model and mentor to many in his community and company. Four activities deserve special mention. First, from 1999 to 2002, Mr. Caleca led an effort that allowed 40 disabled people to receive or maintain jobs at Trelleborg after he arranged for changes and adjustments in the workplace, earning a commendation from the Government of France. Second, between 2004 and 2006, Mr. Caleca spearheaded the "Passport for a Job" program that assisted 49 individuals who had been unemployed for several years in reentering the job market through employment at Trelleborg. Mr. Caleca modified Trelleborg's training programs for these individuals so they could obtain the skills and training necessary to qualify and succeed at their jobs. Third, from 2000 to 2003, Mr. Caleca led an Environmental Care Project that dramatically reduced water consumption and greenhouse gases as a result of how Trelleborg conducted its business. Finally, from 2005 to 2007, Mr. Caleca served as President of the Association Progrès du Management ("APM"), a group of local business leaders dedicated to putting human values at the forefront of all business decisions.[2]

**C.**   **Mr. Caleca's Unique Plan to Participate in Compliance Training**

In the spirit of restitution and helping others to understand and avoid antitrust misconduct, Mr. Caleca has volunteered to participate in antitrust compliance training programs for European companies. Although Trelleborg established an antitrust compliance program in 2007, Mr. Caleca had not received any antitrust training at the time of his arrest. Mr. Caleca sincerely hopes that other executives who are unaware of

---

[2] Mr. Stanislas Desjonqueres, President of Laboratories Lyocentre, speaks about Mr. Caleca's contributions through APM in a letter in support of Mr. Caleca, attached hereto at Exhibit 1.

the serious consequences for violating antitrust laws will learn from his example. He also firmly believes—and his counsel agrees—that his willingness to share his experience will be infinitely more effective than a lecture by counsel or slideshow presentation. Mr. Caleca has come to terms with the fact that describing his experiences to other executives—particularly his former colleagues at Trelleborg—is going to be difficult and embarrassing for him personally. However, Mr. Caleca shares the conviction that only someone who has experienced the terrible tragedy of being arrested and detained in a foreign country, the disgrace of conviction and the trauma of incarceration will get through to the busy executives and employees who might otherwise tune out a corporate training seminar.

Mr. Caleca has volunteered to give a presentation to his friends and former colleagues at Trelleborg before his sentence begins (through a video conference) and after he returns to France, which Trelleborg's counsel has readily accepted. Facing the people he worked with every day for 10 years will no doubt be emotional for Mr. Caleca, but cognizant that his words may spare another from suffering the same experience, Mr. Caleca believes that despite his personal discomfort, his ability to help others to understand the seriousness and danger of antitrust violations will bring some good out of this terrible experience.

## II.   Mr. Caleca's Acceptance of Responsibility and Cooperation with the United States

As indicated in the motion filed by the United States, Mr. Caleca's acceptance of responsibility and cooperation have been exemplary. Mr. Caleca has clearly stated in his meetings with the Department of Justice that he has accepted responsibility and is truly

sorry for his conduct. He advised the Court of his remorse at the plea hearing and in his written statement of acceptance of responsibility.

Mr. Caleca's cooperation has been outstanding. Immediately after his arrest, Mr. Caleca spent virtually every day of the next several months meeting with his attorneys and disclosing valuable information. When he was not meeting with counsel, Mr. Caleca wrote about the relevant events both to refresh his recollection and make his meetings with counsel more productive. Mr. Caleca also met with the Department of Justice to provide a detailed account of his own activities and knowledge of conduct that violated the antitrust laws. Indeed, in its 5K1.1 motion, the United States describes for the Court the cooperation that Mr. Caleca provided and its value to the United States. Mr. Caleca has pledged to cooperate fully and completely with the United States as long as necessary and he will be a valuable witness for the United States.

**III.    Section 5K1.1 Departure**

For the reasons articulated in the motion of the United States and the instant memorandum, we ask the Court to find that Mr. Caleca is entitled to a significant downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines based on the totality of his circumstances. In relevant part, the Guidelines state:

a.    The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

(4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5) the timeliness of the defendant's assistance.

U.S. Sentencing Guidelines § 5K1.1

Once the United States files its 5K1.1 motion, the Court may exercise its discretion to determine whether to grant a downward departure and the appropriate length of any deviation from the Guidelines, including whether a departure below the mandated minimum sentence recommended by the United States or jointly by the parties is appropriate. As the United States Court of Appeals for the Eleventh Circuit reasoned:

> The commentary accompanying [S]ection 5K1.1 . . . does not nullify the discretion expressly given to the district court by the text of the guideline itself; if it did nullify the court's discretion, the permissive wording of the text would be meaningless and a court would have to depart whenever the government so moved . . . . Thus, despite the commentary's instruction to give weight to the government's assessment, the district court's discretion remains intact.

*United States v. Castellanos*, 904 F.2d 1490, 1497 (11th Cir. 1990).

Mr. Caleca's attitude and cooperation during the Government's investigation weigh in favor of a downward departure. After his initial meetings with counsel, Mr. Caleca resolved to cooperate fully and completely. Because of his willingness to cooperate, Mr. Caleca was one of the first executives to make a proffer to the Government. Significantly, as set forth above, Mr. Caleca's candor has furthered the Government's investigations of unlawful activities. However, an unfortunate consequence of the Government's careful and thorough investigation is that Mr. Caleca will have been detained in the United States for approximately eight months before even being placed in an appropriate federal prison camp, considerably extending his sentence.

Unlike defendants who live and work in the United States or even his British co-conspirators who will serve their sentences in the United Kingdom, Mr. Caleca has been forced to remain alone and isolated in a foreign country, bereft of the family and community support that would mitigate this distressing situation.

Compounding the tragedy, Mr. Caleca's mother passed away after a long illness on September 8, 2007. Because he could not leave the United States, Mr. Caleca was unable to see his mother before she died or even attend her funeral and comfort his 87 year-old father, who is also in poor health. Mr. Caleca's employment prospects upon returning home will be meager. The unemployment statistics for workers over 50 in France are sobering. Approximately half of French workers over the age of 50 are unemployed, and one-third of those actively looking for work will remain unemployed for as long as two years. There are two young girls in France who have suffered and will continue to suffer because of their father's absence and the loss of his income. *See, e.g.,* *United States v. Johnson*, 964 F.2d 124, 129 (2d Cir. 1992) ("Extraordinary family circumstances are widely accepted as a valid reason for departure.") (reasoning that "the rationale for a downward departure here is not that Johnson's family circumstances decrease her culpability, but that we are reluctant to wreak extraordinary destruction on dependents"); *United States v. Peña*, 930 F.2d 1486, 1495 (10th Cir. 1991) ("[T]here may be extraordinary circumstances where family ties and responsibilities may be relevant to the sentencing decision. Here, these responsibilities, combined with the aberrational nature of [defendant's] conduct, justified the departure to a term of probation. [Defendant's] family responsibilities were also properly considered 'in the determination of the length and conditions of supervision.'"); *United States v. Alba*, 933 F.2d 1117,

1122 (2d Cir. 1991) ("The sentencing court found that Gonzalez' incarceration in accordance with the Guidelines might well result in the destruction of an otherwise strong family unit and concluded that these circumstances were sufficiently extraordinary . . . to support a downward departure. Under all these circumstances its determination to depart downwardly relying on Gonzalez' family circumstances is not an abuse of its discretion.").

The considerable time and resources that Mr. Caleca has consistently devoted to charitable activities also merit consideration, as does Mr. Caleca's willingness to conduct antitrust compliance training for his former colleagues. As the United States Court of Appeals for the Second Circuit noted,

> [C]ivic, charitable, and public service and similar prior "good works are not ordinarily relevant" in determining whether the defendant should receive a downward departure. In extraordinary cases, however, the district court may downwardly depart when a number of factors that, when considered individually, would not permit a downward departure, combine to create a situation that, when considered individually, would not permit a downward departure, combine to create a situation that "differs significantly from the 'heartland' cases covered by the guidelines."

*United States v. Rioux*, 97 F.3d 648, 663 (2d Cir. 1996) (citations omitted); *see also United States v. Paradies*, 14 F. Supp. 2d 1315, 1322 (N.D. Ga. 1998) (granting motion for downward departure based on defendant's poor health and civic contributions, noting that "[c]onsidered alone, his actions in this regard are not extraordinary. However, when considered with the other factors present in this case, Paradies' service to his country and community support a downward departure from the Guidelines.").

Following his long-standing practice of giving back to his community, Mr. Caleca will continue to help people by sharing his painful experience with other executives in the context of antitrust compliance training for European companies. The United States Court of Appeals for the Third Circuit acknowledged the significance of post-plea conduct in *United States v. Lieberman*, 971 F.2d 989 (3d Cir. 1992). In *Lieberman*, a former bank vice president pled guilty to bank embezzlement and income tax evasion. The trial court found that not only had the defendant accepted responsibility by such "usual" things as voluntary and truthful admissions and restitution, but recognized that he had "met with bank officials to explain how they could detect improper transactions . . . in the future." 971 F.2d at 996. The court of appeals specifically affirmed the lower court's decision to permit a downward departure beyond that set forth in Section 3E1.1 for "Acceptance of Responsibility." The reasoning of *Lieberman* applies with equal force here.

## CONCLUSION

For the reasons set forth above, we respectfully ask the Court to impose a sentence on Mr. Caleca that takes into account his cooperation, his family hardships and his ongoing commitment to educate others about U.S. antitrust law.

Respectfully submitted,

FOWLER RODRIGUEZ, LLP

By:_____ s/ Michael A. Rosen _____
    Michael A. Rosen
    Florida Bar No. 167208
    mrosen@frc-law.com
    Suite 801
    355 Alhambra Circle

Coral Gables, FL  33134
Telephone:  (786) 364-8400
Facsimile:   (786) 364-8401


MAYER BROWN LLP


By:    s/  Donald C. Klawiter
    Donald C. Klawiter, Esq.
E-mail:  dklawiter@mayerbrown.com
1909 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 263-3393
Facsimile:   (202) 263-3300

Jennifer M. Driscoll, Esq.
Mayer Brown LLP
E-mail:  jdriscoll@mayerbrown.com
1909 K Street, N.W.
Washington, DC  20006-1101
Telephone:  (202) 263-3860
Facsimile:   (202) 263-3300


## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either, via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


    s/ Michael A. Rosen
    Michael A. Rosen

## **SERVICE LIST**

J. Brady Dugan, Esq.
Craig Y. Lee, Esq.
Portia R. Brown, Esq.
Carol A. Bell, Esq.
Attorneys, Antitrust Division
U.S. Department of Justice
National Criminal Enforcement Section
Suite 3700
1401 H Street, N.W.
Washington, DC  20530
Telephone:  (202) 514-1953
Facsimile:   (202) 514-6525
Brady.dugan@usdoj.gov

*Counsel for plaintiff*

Cale301514.3.7

**EXHIBIT 1**

Honorable Kenneth. A. Marra
United State District Court of the
Southern District of Florida
701 Clematis Street, Room 202
West Palm Beach - Florida 33401

Dear Judge Marra,
    I am writing to the Court on behalf of Christian
Galéca, my beloved husband. I am Karen Galéca and I
am 45 years old.
    Christian is no only a wonderful husband, a very
dedicated father and a very respectful son, he is, above
all, a fair and kind man with great values, sensitiveness
and care for others.
Since his childhood, Christian has demonstrated an exemplary
life. During these long 8 months, Christian has been
retained in the USA, far from us, from home and family.
He is deeply negativing the consequences of his behaviour
and wants to apologize.
Together, with his father Gilbert, his two brothers André
and Jean-Yves, his two daughters Amandine and Charlotte,
I respectfully ask you, your Honor, to show
compassion and leniency to Christian, when you will
pronounce his final sentence.
Respectfully Yours

Karen Galéca
66 rue d'Orme
63540 - Romagnat
France

Honorable Kenneth A. Marra
United States District Court for
the Southern District of Florida
701 Clematis Street Room 202
West Palm Beach FL 33401

Vichy, November 10th 2007

Dear Judge Marra,

I take the opportunity to send you this letter on behalf of
Christian Caluca.

I am 14 years old and Christian Caluca is my loved daddy.
Since May 1st, I feel the separation with my dad as extremely
painful for me.
My father has always been a wonderful person, totally devoted
to me and to my sister, so tender and so kind.
I am praying God and Virgin Mary every night before going
to bed to ask them to bring back my dad at home in France,
as soon as possible.

I need my father close to me to help me grow up normally.

Please, Your Honor,
Considered my strong distress.
Respectfully yours.

Charlotte Caluca
5 place de l' Hotel de Ville

03200 Vichy FRANCE

Amandine Caleca
5 place de l'Hotel de Ville
03200 Vichy
France

November 13th 2007

Dear Sir'

I take the opportunity to send you this letter on behalf of
Christian Caleca. I am 22 years old and Christian Caleca is my beloved father.
Words cannot express how much I suffer from our separation since May 1st
2007. My father has always been a very honest and trustworthy man, extremely
appreciated in our community, taking care of people , with a lot of humanity. He is not only
my father he has always been for me an example to follow, a reference of achievement and of
wisdom.
From the very deepest of my heart, I am asking your honor,
to have compassion for my daddy , to help him as much as you can and to
understand our distressed family here in France.
I beg your leniency for a man who always remains my worshipped father. But I'm anxious too
for my little sister aged 14 whose father's absence cannot be without consequences on her
education and her wellbeing.

Respectfully yours,

Amandine Caleca.

Honorable Kenneth A. Marra

United States District Court
for the Southern District of Florida
701 Clematis Street Room 202
West Palm Beach  FL 33401

Rocquencourt, November 13th 2007

Dear Judge Marra

I am writing to you on behalf of Christian Caleca.
I am 53 years old and Christian Caleca is my dear brother.
We are a very unified family and we have grown up with the deep love
of our parents and very attached to the Catholic faith and values.
Christian demonstrated during all his life all qualities of honesty,
law abiding, care for the others, hard work and courage.
Our beloved mother is dead on September 8th, Christian was not
with us during her last days and for her funerals.
Our father who will be 87 in december is desperate and
depressed by the separation with Christian.
When you will impose his sentence, may you please,
Your Honor, have compassion and leniency towards Christian.
Please, Your Honor, allow him to be back sooner in France
to be nearby his wonderful wife and daughters.

Respectfully yours

Jean-Yves Caleca
2 Rue des Erables
78150 Rocquencourt
France

2007, November 14

Laure NOUHEN
4 chemin des Rivaies
63530 ENVAL
T.00.33.4.73.64.11.58
laure.nouhen@orange.fr
45 years old, married, 2 children

To: Honorable Kenneth A. Marra
United States District Court for the
Southern District of Florida
701 Clematis Street, Room 202
West Palm Beach,
FL 33401 - USA

Dear Judge Marra,

I am writing to you on behalf of Christian Caleca. I am the assistant to two Trelleborg Industrie SAS Directors reporting to Christian Caleca. I have started working for the Company in 1999. Mr. Caleca was already Chairman of the Industrial Hose Business Unit.

During the 8 passed years, I have been impressed by his ability in :
- managing the cultural company changes to move from a very specialized and centralized organization to an open-minded one,
- improving communication, team working, recruiting new talent,
- anticipating needs, launching and following organizational changes.
I also have had the opportunity to benefit from his fair and honest decision during a relationship problem, due to overbooking, with one of my direct manager.
I would like to ask the Court to consider this in imposing sentence, by showing compassion and leniency.
Respectfully Yours,

Elen H.

Honorable Kenneth A. Marra

United States Disrit Court for the Southern

District of Florida.

701 Clématis Street, Room 202

West Palm Beach, FL 33401 _ USA


Dear Judge Marra,

I am writing to you on the behalf of Christian

Caleca. I have been working with Christian for

10 years, after he has started to be the Director of

our Company. I am a Union representative, 53 years old,

and I can testify of the exceptional human and

professional qualities of human resources, within

Trellebag Group.

He was always defending our site to support investments

and keep or increase the number of employees.

The sporadic conflicts have been successively passed thanks

to his listening capability.

My evidence is the evidence from a Union representative,

totally independent from the management team.

I am willing to show gratitude from the Clermont-Ferrand

plant to a human and efficient manager.

Respectfully yours

Jean-Claude LIENHARDT

acting for CGT UNION et members of CFDT UNION

64, rue des Jardins d'Iliane

63 100   Clermont-Ferrand

Hervé ROCHET
5, boulevard des Anglais
44100 NANTES
FRANCE

Honorable  Kenneth  A . MARRA

United States District Court for

the Southern District of Florida

701 Clematis street  Room 202

West Palm Beach   FL  33401

Nantes Novembre 11th, 2007

Dear Judge MARRA,

I am writing to You on behalf of Mr. Christian CALECA. I have worked with Christian

for 11 years and he has been my direct boss for more than 6 years.


Christian, a sensitive man and a great manager, has always been truthful, frank,

courageous and honest. Always ready to listen to others, Christian uses his skills to

support, advice, and emphasize people personal development and blooming.

Believing on human being and highly respectful of people, I've always seen him

fighting for human dignity because as he used to tell me "Hervé, Everything rely on

person, only on person".


I wish You would remind these positive aspects on Christian's behaviour and also

take them in consideration when You will decide the final sentence on his case.


Respectfully Yours

Honorable Kenneth A. MARRA

United States District Court for

the Southern District of Florida
701 Clematis Street, Room 202
West Palm Beach FL 33 401 - USA

Nice, November 10th 2007,

Dear Judge Marra,

I am writing to inform the Court of my sincerely clear-sighted opinion of Christian CALECA.

I have known him for five years and I have truly, rarely met someone who has given such a positive impression among my family and friends. Whether in professional or informal situations people have always been impressed by his kindness and sense of fairness. Both my children aged 23 and 20 have often referred to him as a model because he is a trustworthy and reliable person at all times.

I am personally proud to be his sister-in-law and I would like the Court to consider him as a very worthy, respectful and law-abiding person.

Respectfully yours,

Mrs Julie E. MEDWAY-BOYER (University Teacher)
"CHANTEREINE"
23, Bis, BD DE CAMBRAI
06 200 - NICE
FRANCE

Honorable Kenneth A. Marra
United States District Court for
the Southern District of Florida
701 Clematis Street, Room 202
West Palm Beach, FL 33401 - USA

Dear Judge Marra,

I am writing to you on behalf of Christian Caleca.

I met Christian more than twenty years ago as we started our respective professional career working for the same industrial company wich had its head office in the Netherlands.

Christian and I worked as colleagues, each in charge of the Management of an affiliated company of our group. Christian quickly appeared as an efficient and truthful manager as well as an honest man.

This is why, all along following years, thus we each moved towards our personal and different careers, we stayed in touch and we became friends. Recently our wives became also friends and we were expected to witness Christian and Karen recent wedding.

I personally always drove my life on a honest way and I have never been concerned in any manner by a trouble related to our country justice.

I dare today writing to you in order to kindly draw your attention on Christian Caleca case. I would like to insist on the loyalty of Christian and on the way he behaved all this life long for the welfare of his family and for his close relations. Christian was known for his values among which respect was on of the main.

I hope this letter will catch your attention at the time when the sentence is imposed.

Respectfully yours.
J. LAMPRE
44 Rue Moulin Majou
03700 BRUGHEAS
FRANCE

**iae nice**

Nice le 30 Novembre 2007

Amélie BOYER
Professeur en Science de Gestion
Université de NICE - SOPHIA - ANTIPOLIS

to Honorable Kenneth A. Marra
United States District Court for the
Southern District of Florida,
701 Clematis Street, Room 202
West Palm Beach, FL 33401, ETATS-UNIS

Dear Judge Marra,

I take the opportunity to write to the Court on behalf of
Christian Caleca. I have known Christian for five years as a
friend, and he was always a very honorable person, respectuous
of laws.

I am 63 years old and Professeur in University, taking Doctorate
in United State. I want to confirm has always been a
good manager, acting in the interest of people around him.
His family and himself are suffering extremely since May 11th 2007.
May I please ask you, Your Honor, to show compassion and leniency
when you have to fix Christian's final sentence on December 20th.

Respectfully Yours,

Amélie BOYER, 23 Bis Bd de CAMBUAY, 06200, NICE, FRANCE

**INSTITUT D'ADMINISTRATION DES ENTREPRISES**
Avenue Emile Henriot
06050 NICE Cedex
Tél : 04 92 15 73 73    Fax 04 93 44 83 60
www.unice.fr/iae    E-mail : iae@unice.fr

Université
Nice SOPHIA ANTIPOLIS

Dear Judge Marra,

I'm writing you in behalf of Christian Caleca whose case is in your court at the moment. I am also head of a small company in France and I have known Christian for a number of years now. We met in an association for Managers. This association is devoted to training heads of companies not only in Economy but more importantly in Human Resources, i.e. respecting employees' rights, conducting business affairs morally. He was elected President of this association because the members thought he not only encouraged others to apply these values but more importantly he lived and worked according to these values. He has a profound belief in Christian values and applies them in his life.

Christian has always tried to apply these values to his professional and personal life. They have determined his personality. He is esteemed by his family, his friends and also by the employees of his company Trelleborg. Christian is a good person, respected by all and I ask you to take this into account when you judge his case.

Respectfully yours

Stanislas Desjonquères
President of Laboratoires Lyocentre
7 Avenue Léonard de Vinci
63 000 Clermont-Ferrand

Honorable Kenneth A. Marra
United States District Court for the
Southern District of Florida
701 Clematis Street, Room 202
West Palm Beach,
FL 33401
United States of America

Luxembourg, November 20th, 2007

Dear Judge Marra,

I take the opportunity to write to the Court on behalf of M. Christian Caleca.
I am 56 years old and I am Chairman and CEO of an International Company.

I have known Christian for twenty years first as a colleague and then as a friend.
I want to confirm that Christian has always been a very loyal, kind and fair manager of his business. He has always been acting in the respect of laws, of the people and of his hierarchy.

Christian and his family have been suffering extremely since early May 2007.
May I please ask you, Your Honor, to show compassion and leniency when you will have to fix Christian's final sentence during December month 2007.

Respectfully Yours.

Denis PRADON
11, rue Joseph HANSEN
Luxembourg 1 716
Grand Duchy of Luxembourg